```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Robert Banushi,

                              Plaintiff,     CV-05-1805 (CPS)

     - against -                             MEMORANDUM OPINION
                                             AND ORDER


The City of New York, Police Officer
Robert Pannisi (NYPD) Shield No. 16675,
"Jane and John Doe" Unknown NYPD Officers,

                              Defendants.

----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff Robert Banushi ("Banushi") brings this action against defendants The City of New York ("City"), Police Officer Robert Pannisi (NYPD) Shield No. 16675, and "Jane and John Doe" Unknown NYPD Officers ("Jane Doe" and "John Doe"), alleging violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and common law claims of prima facie tort and fraud,[1] seeking

---

[1] Plaintiff's claims are the following:

(1) Claim one alleges that the City of New York through its agents violated Banushi's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by failing to provide him with police protection.

(2) Claim two alleges that the City of New York through its agents violated Banushi's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by fraudulently declining to provide Banushi with a police report.

compensatory and punitive damages, plus reasonable attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. § 1988. Plaintiff alleges that following an assault outside a Brooklyn delicatessen, Officer Pannisi and other police officers violated his rights by not arresting his assailants and by refusing to provide plaintiff with a police report of the incident, compromising plaintiff's ability to pursue personal injury claims against his attackers.

Presently before the Court is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] Defendants seek dismissal of plaintiff's complaint, arguing: (1) that plaintiff's claims are time-barred; (2) that plaintiff's equal protection claims fail as a matter of law because he cannot show that he was treated differently than other similarly situated individuals; (3) that plaintiff's claim based on a failure to protect him fails as a matter of law because he does not establish that defendants had a duty to protect him or that a

---

(3) Claim three alleges that the City of New York through its agents violated Banushi's rights under the Constitution and laws of the State of New York by failing to provide Banushi with police protection.

(4) Claim four alleges that Officer Pannisi and the City committed a prima facie tort by denying him a police report without excuse or justification.

(5) Claim five alleges that Officer Pannisi committed fraud "by voiding the police report, and by not recording the incident."

[2] On March 15, 2005, I granted defendants' motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and granted plaintiff leave to amend his complaint. Plaintiff's amended complaint is the subject of the motion presently before the Court.

special relationship existed giving rise to such a duty; (4) that the pendent state law claims should be dismissed because plaintiff has failed to file a timely notice of claim; and (5) that plaintiff fails to state claims for prima facie tort or fraud.[3]  For the reasons that follow, defendants' motion for summary judgment is granted since all claims are barred under the applicable statutes of limitations.

**Background**

The following facts are taken from the parties' submissions in connection with this motion, including plaintiff's complaint, depositions, affidavits, exhibits, and Rule 56.1 statements. Disputes are noted.

On April 11, 1995, Robert Banushi, who describes himself as Albanian, was attacked outside a Brooklyn delicatessen by two brothers Kosta and Jimmy Lambrakos and another individual named Stefano Evangelis.  Banushi suffered a broken ankle as a result of the attack.  Police officer Pannisi and other unidentified officers responded to the scene of the assault.  Plaintiff alleges that medical records falsely state that his injury was caused by a fall from a bicycle.

Six months after the attack, in late 1995, plaintiff obtained the number of the police report he believed Officer

---

[3] Defendants also argue that any claim of conspiracy must fail, but because plaintiff does not assert a claim of conspiracy, this argument need not be addressed.

Pannisi filed subsequent to the attack. On February 7, 1996, Banushi filed a civil complaint against his assailants in New York state court seeking to recover damages for his injuries. Plaintiff's counsel withdrew from that case in March. In October 1996, plaintiff went to the police station to obtain a copy of the police report. In response to his request, an unidentified police station employee handling such queries said "we don't have the police report." Banushi asked, "Why? Where is it?", and the employee replied "we don't know." She gave him a form to complete and mail back regarding the missing report. He returned to the precinct several times to inquire about the missing report, and each time, was instructed to complete and mail back the form. Plaintiff returned a completed form in October or November 1997, and received a letter from the Criminal Records Section in April 1998, which stated that the police report had been voided and the index number re-used. Plaintiff states that he took no other steps to obtain the report between mid-1996 and April 1998 because he was "looking for a lawyer."

After he received the April 1998 letter from Criminal Records, Banushi hired a second lawyer to represent him in his action against his assailants and to investigate what happened to the police report. With his lawyer, plaintiff met with a detective who said he would find the report. Plaintiff states that he did not follow up with the detective because he "had a

lawyer handling this." The lawyer informed him that the report was "lost" or "missing" and that "the detective is working on this." After this lawyer withdrew his representation as well, plaintiff did not contact the detective.

On November 19, 2001, in preparation for the civil trial of plaintiff's claims against his attackers, plaintiff, representing himself, requested again a copy of the police report concerning the incident from the New York Police Department. Again the Department did not provide one. The Department's Internal Affairs office informed Banushi that the report was "not in the system" and that the police report number that Banushi provided corresponded to a statement regarding a different case. The complaint alleges that Officer Pannisi either fraudulently "voided" the police report or never made the police report. In place of the requested report, Internal Affairs gave plaintiff a Verification of Crime/Lost Property report dated December 12, 2001, nearly six years after the incident and shortly after his request. In March 2002, during the trial, the jury asked to see the police report allegedly prepared by Officer Pannisi, but Banushi states that the Lost Property report that Internal Affairs provided "did not suffice" and the jury found for Banushi's assailants.

On March 4, 2004, Banushi's attorney told plaintiff that Officer Pannisi's lack of filing a police report was

"fraudulent." On May 26, 2004, plaintiff commenced this action in the Eastern District of New York against the current defendants and the New York Police Department. On March 15, 2005, I granted defendants' motion to dismiss and granted plaintiff leave to re-plead his claims within thirty days. Plaintiff filed his most recent complaint on April 11, 2005.

## Discussion

<u>Jurisdiction</u>

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which creates jurisdiction over civil actions arising under federal law; 28 U.S.C. § 1343, which creates jurisdiction over actions arising under 42 U.S.C. § 1983; and 28 U.S.C. § 1367, which creates supplemental jurisdiction over claims arising under state law.

<u>Summary Judgment Standard</u>

A court must grant a motion for summary judgment if the movant shows that "there is no genuine issue as to any material fact" and that "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c). Summary judgment is appropriate "[w]hen the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"An issue of fact is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Elec. Inspectors, Inc. v. Village of East Hills*, 320 F.3d 110, 117 (2d Cir. 2003). A fact is material when it "might affect the outcome of the suit under the governing law." *Id*.

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2d Cir. 1987). In order to defeat such a motion, the non-moving party must raise a genuine issue of material fact. Although all facts and inferences therefrom are to be construed in the light most favorable to the non-moving party, the non-moving party must raise more than a "metaphysical doubt" as to the material facts. *See Matsushita*, 475 U.S. at 586; *Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 498 (2d Cir. 2001). The non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). The non-moving party must produce more than a scintilla of admissible evidence that supports its position. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289-90 (1968); *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003).

"The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all

inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

<u>Defendants' Summary Judgment Motion</u>

*Statute of Limitations*

*(A) Federal Claims*

The parties agree that a three-year statute of limitations applies to claims brought under 42 U.S.C. § 1983 and the Fourteenth Amendment. *See Connolly v. McCall*, 254 F.3d 26 (2d Cir. 2001) (applying New York's three-year statute of limitations to Equal Protection claims brought pursuant to 42 U.S.C. § 1983). The statute begins to run when a plaintiff's claim accrues or when the plaintiff knows or has reason to know of the facts upon which his claims are based. *Cornwell v. Robinson*, 23 F.3d 310, 317 (2d Cir. 2004); *Veal v. Geraci*, 23 f.3d 722, 724 (2d Cir. 1994) (holding that "claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm"); *Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1997). "A plaintiff's ignorance of injury does not toll a statute of limitations if, with the exercise of reasonable diligence, the plaintiff could have learned of the wrong prior to the date of actual discovery." *Waler v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998).

Parties dispute the date on which plaintiff's federal claims accrued. Plaintiff argues that November 19, 2001 should be the date of accrual, the date on which the Police Department's Internal Affairs office did not provide Banushi with the police report he requested for the civil trial of his claims against his attackers. Internal Affairs stated that the report was "not in the system" and that the number had been re-used. Plaintiff asserts that this was the date "when plaintiff knew that the police report prepared by defendant Robert Pannisi had been missing and was not in the system."[4] This date is within three years of the filing of plaintiff's first complaint.

However, it is now clear that Banushi knew the report was missing as early as October 1996, eighteen months after his attack, when he first inquired about the report at the police station. He was given a form to complete and mail regarding the missing report, which he did not return until a year later. The April 1998 letter the Criminal Records Section sent to Banushi in response confirmed that the police report had been voided and the index number re-used. Plaintiff obtained the same information in November 2001 and did not bring an action based on these facts until May 26, 2004. During this entire time, plaintiff was also

---

[4] When defendants' previously moved to dismiss under Rule 12(c), the parties disputed when Banushi should have become aware of his injury. I concluded in my memorandum and opinion from March 15, 2005 that whether Banushi should have discovered through due diligence that the report was missing prior to November 19, 2001 was a factual question that should not be decided on the pleadings. Since that time, additional undisputed facts have come to light establishing that plaintiff knew the report was missing well before November 2001.

aware that his assailants had not been arrested and that medical records stated that his injury was caused by a fall from a bicycle. Because plaintiff was aware of the circumstances that gave rise to his claims as early as October 1996 or as late as April 1998, plaintiff's federal claims are time-barred.[5] Accordingly, plaintiff's claims one, two, and three described above are dismissed.

*(B) State Law Claims*

The statute of limitations for pendent state law claims is determined by state law. *Guaranty Trust Co. v. York*, 326 U.S. 99, 110-11 (1943); *Reid v. Madison*, 455 F.Supp. 1066, 1068 (E.D.Va. Aug. 10, 1978) (stating that this principle is "elemental"). Under New York State General Municipal Law § 50-i, personal injury claims brought against a city or any of its officers, agents, or employees must be commenced within one year

---

[5] Plaintiff's argument that the defendants' alleged fraudulent concealment of the report tolled the statute of limitations is also without merit as a matter of law. Because plaintiff knew of the injury and circumstances upon which his claims are based before November 2001, plaintiff has not "introduced sufficient evidence to create issues of fact as to the availability of deferred accrual or a fraudulent toll" on his claims. *Yeadon v. New York City Transit Authority*, 719 F.Supp. 204, 209 (S.D.N.Y. Aug. 4, 1989). He has not offered evidence sufficient to raise a triable issue of fact as to the requisite elements: "(1) that defendant concealed critical information from plaintiff; (2) the concealment prevented plaintiff from discovering his claim within the limitations period; and (3) plaintiff could not have discovered his claim in the exercise of due diligence." *Id.* *See also In Re Sumitomo Copper Litigation*, 120 F.Supp.2d 328, 346 (S.D.N.Y. Oct. 30, 2000).
    Plaintiff asserts his federal claims based on the facts that the report was missing or voided, that Pannisi and other officers failed to make arrests at the time of the incident, and that hospital records indicated his injury was caused by a fall from a bicycle rather than an attack by three individuals. Plaintiff became aware of all of these facts before the statute of limitations expired. Thus even assuming defendants attempted at some time to conceal information from plaintiff and that he exercised due diligence to discover the truth, defendants' concealment in no way prevented plaintiff from filing a timely claim within the limitations period.

and ninety days after the occurrence of the event upon which the claim is based. New York General Municipal Law § 50-i. *See Singleton v. The City of Newburgh*, 1 F.Supp.2d 306, 316 (S.D.N.Y. Apr. 6, 1998); *Gonzalez v. City of New York*, No. 94-7377, 1996 WL 227824, at *3 (S.D.N.Y. May 3, 1996). Whether the events upon which the state law claims are based occurred in 1995, 1996, 1998, or 2001, plaintiff did not bring his state law claims within the applicable limitations period.[6] Therefore, claims four and five are time-barred, and they are accordingly dismissed.[7]

## Conclusion

---

[6] For the reasons stated in the footnote above, plaintiff's argument that defendants' fraudulent concealment tolled the limitations period for his state law claims fails. Plaintiff became aware of his claims before the statute of limitations expired. While plaintiff argues that the state law claims were tolled until March 4, 2004, when plaintiff's attorney suggested to him that defendants' acts amounted to fraudulent concealment, defendants are not responsible for plaintiff's delay in consulting a lawyer until long after he became aware of the facts on which a claim of fraudulent concealment might be based. *See, e.g.*, *Kozonasky v. Sears Roebuck & Co.*, No. 81-2164, 1986 WL 12528 (S.D.N.Y. Oct. 27, 1986) (denying tolling of limitations period under fraudulent concealment doctrine because plaintiff had sufficient knowledge of facts to raise claims against defendants and plaintiff did not explain why he failed to consult an attorney earlier); *Blohm + GmbH, Fortis Bank (Nederland) N.V. v. M/V Olympia Explorer*, No. 05-7753, 2006 WL 2472044, at *3 (S.D.N.Y. Aug. 4, 2006) (stating that failure to consult counsel "does not excuse the delay" in filing motion to intervene, particularly when movants knew or had reason to know of facts based upon which they could have timely moved to intervene).

[7] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims related to federal claims if "the district court has dismissed all claims over which it has original jurisdiction." Therefore, because I dismissed the federal claims, I may decline jurisdiction over the state law claims. However, this provision is not mandatory and a federal court's exercise of pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). State claims may also be dismissed without prejudice "if it appears that the state issues substantially predominate." *Id.* In the interests of the parties' convenience and because the state claims do not dominate this case, I have accordingly exercised my discretion to address the state claims here.

For the foregoing reasons, defendants' motion for summary judgment is granted.

The clerk is directed to enter judgment dismissing the complaint and to furnish a copy of the within to the parties and to the magistrate judge.

SO ORDERED.

Dated:	Brooklyn, New York
	September 28, 2006

			By: /s/ Charles P. Sifton (electronically signed)
			     United States District Judge